**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Criminal Docket No.: 3:99CR65-9-V**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **CLAUDETTE MACHEL MOORE LOWERY,** ) | |
| a/k/a **MICHELLE MOORE,** ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's "Motion Pursuant To Rule 60(b)," filed August 16, 2004. (Document #449)

On May 11, 2000, Defendant Moore entered a straight-up plea of guilty to Count One of the Bill of Indictment, which alleged a drug conspiracy to distribute cocaine and cocaine base in violation of 21 U.S. C. §846. On October 26, 2000, this Court sentenced Defendant to 120 months imprisonment. Defendant did not exercise her right to direct appeal.

Defendant has now filed a document challenging her sentence based upon the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004).[1] More specifically, Defendant alleges that her sentence cannot be sustained because certain facts which lengthened her sentence, namely, drug quantity and applicability of a weapon enhancement, were not determined by a jury beyond a reasonable doubt.

Defendant's filing is most properly construed as a Motion To Vacate, Set Aside, Or

---

[1] In the interim, on January 12, 2005, the U.S. Supreme Court announced its decision in United States v. Booker / Fanfan, 125 S.Ct. 738 (2005). In Booker, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing Guidelines were unconstitutional. The Supreme Court found that portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

Correct Sentence pursuant to 28 U.S.C. § 2255. As set forth within <u>United States v. Emmanuel</u>, 288 F. 3d 644 (4th Cir.2002), the Court is generally required to notify the Defendant if it intends to recharacterize a motion as a §2255 petition. <u>Emmanuel</u>, 288 F. 3d at 649. In addition, the Court must provide the Defendant with an opportunity to respond, an opportunity to supplement her motion, and explain the relevant law. <u>Id.</u> In cases where no adverse consequences will ensue, however, the movant is not entitled to the above-mentioned procedures prior to recharacterization of the filing. <u>Emmanuel</u>, 288 F.3d at 650.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. Under AEDPA, "[t]he limitation period shall run from the latest of (1) <u>the date on which the judgment of conviction becomes final</u>; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) <u>the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court</u> **and made retroactively applicable to cases on collateral review**; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (*emphasis added*).

In this case, even if Defendant's filing is construed as a Motion To Vacate,

Defendant's motion is untimely under AEDPA. The first and third subsections of Section 2255 are relevant here. Because Defendant did not appeal, her judgment became final upon entry of judgment. F̲ED̲. R. C̲RIM̲. P. 32(d)(1); Clay v. Untied States, 5437 U.S. 522, 525 (2003). Entry of judgment occurred on November 16, 2000, nearly four years before the instant motion. In terms of the third subsection, allowing a collateral attack under §2255 if new law is recognized by the Supreme Court and made retroactive on collateral review, neither Blakely nor Booker has not been recognized as retroactive by the Supreme Court. Indeed, the Fourth Circuit recently held that the rule announced in Booker was not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65, 2005 WL 2950732, *6 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

Further, given the Supreme Court's characterization of the holding in Ring v. Arizona[2] and the decision that it does not satisfy the test for retroactive application, the Supreme Court is unlikely to reach a different result regarding Apprendi,[3] Blakely, or Booker. See Schriro v. Summerlin, 124 S.Ct. 2519, 2626 (2004)(Ring "announced a new procedural rule that does not apply retroactively to cases already final on direct review.") Therefore, Defendant's Motion To Vacate is deemed untimely and subject to summary dismissal.

---

[2] Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)(applying principles announced in Apprendi to a capital sentencing scheme under Arizona state law).

[3] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Nonetheless, Defendant will be provided an opportunity to explain why her petition is not untimely.[4] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)(requiring notice to pro se Defendant prior to summary dismissal of untimely 28 U.S.C. §2254 petition).

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant shall **RESPOND** to the instant Order **on or before January 16, 2006,** specifically advising the Court as to Defendant's preferred characterization and treatment of the filing;

2. Defendant shall **RESPOND** to the instant Order **on or before January 16, 2006**, specifically advising the Court of any reasons why her motion should not be dismissed as untimely;

3. The Clerk shall send to Defendant a copy of the form for filing a Section 2255 petition in case Defendant wishes to recharacterize her motion; and

4. The Clerk shall send copies of this Order to the Defendant and the United States Attorney's Office.

---

[4] While Defendant is not necessarily entitled to the Emmanuel procedures described herein, the Court has explained the relevant law. In addition, due to the required Hill notice, Defendant effectively has the opportunity to supplement her motion as contemplated by Emmanuel, including an explanation of the relevant law.

**Signed: December 15, 2005**

Richard L. Voorhees
United States District Judge