# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV15-V-1
# (3:99CR165-9-V)

| | |
|---|---|
| CLAUDETTE MICHELLE MOORE LOWERY, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) Respondent. ) _____) | **O R D E R** |

**THIS MATTER** is before the Court upon Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence," filed January 13, 2006.

A review of the subject Motion to Vacate, along with certain pertinent Court records reflects that on or about November 1, 1999, Petitioner was indicted and charged with conspiring to possess with intent to distribute cocaine and cocaine base. On or about May 11, 2000, Petitioner appeared before the Court and entered a straight up guilty plea. On October 26, 2000, the Court, after granting the Government's substantial assistance motion, sentenced Petitioner to 120 months imprisonment. Judgment was entered on November 16, 2000. Petitioner did not appeal either her conviction or sentence.

On August 6, 2004, Petitioner filed a "Motion Pursuant to Rule 60(b) alleging that her sentence violated the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004). More specifically, Petitioner alleged that her sentence could not be

sustained because certain facts which lengthened her sentence, namely, drug quantity and applicability of a weapon enhancement, were not determined by a jury beyond a reasonable doubt. After reviewing Petitioner's Rule 60(b) motion this Court concluded that it was most properly construed as a motion to vacate, set aside, or correct sentence. In accordance with United States v. Emmanuel, 288 F. 3d 644 (4th Cir.2002), this Court notified Petitioner of its intent to recharacterize her motion as a §2255 petition. In that same Order the Court noted that in all likelihood any motion to vacate filed by Petitioner was untimely but provided her with an opportunity to explain why her petition was not untimely. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)(requiring notice to pro se Defendant prior to summary dismissal of untimely 28 U.S.C. §2254 petition).

In response to the Court's December 15, 2005, Order, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In accordance with the Court's Order, Petitioner sets forth why she believed her motion to vacate should be deemed timely filed. Petitioner argues that her motion is timely filed because she filed it within one year of the date on which she discovered the facts which form the basis of her claims. More specifically, Petitioner states that she filed her motion to vacate within one year of receiving a copy of her file from her attorney. In addition, Petitioner states that she diligently pursued access to her records and files and did not receive them until over one year after her conviction became final "due to crisis in Defense Counsel's family."

As an initial matter, this Court finds Petitioner's assertion that she diligently sought her file and was denied a copy of it by her counsel to be disingenuous. Petitioner's assertion of diligence is very broad. Despite realizing that a ruling of untimeliness would

be fatal to her motion to vacate, Petitioner provides almost no specifics of how she diligently attempted for three years to obtain her file. Interestingly, in her Motion to Compel the Release of Her Records, Petitioner asserts only that she sent a release of records request to her counsel in January 2004. Petitioner does not reference years of attempts to obtain these records. Nor does Petitioner refute her counsel's assertion that over the course of his representation he had sent her copies of all documents. Finally, Petitioner's characterization that she did not receive her files in a timely manner because of a crisis in Defense Counsel's family only relates to the time period of late 2003 and early 2004.

Nevertheless, a conclusion that Petitioner was not diligent is unnecessary to this Court's ruling. Petitioner makes no argument as to why a copy of her entire file was a necessary precursor to filing a motion to vacate. That is, Petitioner had personal knowledge that at the time of sentencing she did not stipulate to a specific drug amount and that she received a two level gun enhancement. Thus a copy of her entire criminal file was not essential to filing her motion to vacate. That is, Petitioner's alleged inability to obtain her criminal records is not synonymous with her being unable to discover that she did not plead to a specific drug amount or a leadership enhancement. Consequently this Court finds that Petitioner's allegations do not satisfy AEDPA's provision that a motion to vacate may be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 motion to vacate is untimely.

Moreover, even if Petitioner's motion to vacate were not untimely, it would still be dismissed. Petitioner's first claim is based upon the Supreme Court's holdings in Blakely

v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct.738 (2005). Both of these cases were decided long after Petitioner's conviction became final on November 16, 2000, and therefore, in order to impact her sentence these cases would have to be determined to be retroactive on collateral review. Neither Blakely nor Booker has not been recognized as retroactive by the Supreme Court. Indeed, the Fourth Circuit recently held that the rule announced in Booker was not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65, 2005 WL 2950732, *6 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

Further, given the Supreme Court's characterization of the holding in Ring v. Arizona[1] and the decision that it does not satisfy the test for retroactive application, the Supreme Court is unlikely to reach a different result regarding Apprendi,[2] Blakely, or Booker. See Schriro v. Summerlin, 124 S. Ct. 2519, 2626 (2004)(Ring "announced a new procedural rule that does not apply retroactively to cases already final on direct review.") Consequently, Petitioner's first claim is not cognizable on collateral review.

Petitioner's second claim is based upon ineffective assistance of counsel after her counsel's representation of her had ended. A petitioner has no right to counsel for post-conviction proceedings and as such her counsel cannot be deemed constitutionally

---

[1] Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002)(applying principles announced in Apprendi to a capital sentencing scheme under Arizona state law).

[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

ineffective. In addition, the substantive claims raised by Petitioner are based upon cases that had not yet been decided when Petitioner's counsel represented her.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED.**

Signed: February 7, 2006

Richard L. Voorhees
Chief United States District Judge